*122 ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
The Committee on Bar Admissions (“Committee”) opposed the application of petitioner, Thomas “Tommy” Lea Easter-ling, to sit for the Louisiana Bar Examination based on character and fitness concerns. Specifically, the Committee informed ' petitioner that his application would be denied in light of allegations that a finance company he owned was engaged in usurious lending practices which violated the federal civil RICO Act. The Committee also cited petitioner’s forgery conviction, multiple traffic violations, and his involvement in extensive business-related litigation as grounds for denying his application. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence.[1]
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in April 2005, pursuant to Supreme Court Rule XVII, § 9(B). The commissioner received docu-raentary evidence and heard testimony given by petitioner and his witnesses. Petitioner was also questioned about his admission that he failed to disclose relevant information when he applied to law school in 2001.[2]
At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be denied admission to the practice of law. Petitioner objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner has failed to meet his burden of proving that he has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(E).
Accordingly, it is ordered that the application for admission be and hereby is denied.
JOHNSON, J., concurs.

. In re: Easterling, 04-1768 (La.7/16/04), 877 So.2d 991.

. Petitioner failed to disclose that he was placed on academic probation or academic suspension on four separate occasions during his undergraduate years. He also failed to disclose his convictions of forgery, disturbing the peace because of intoxication, and DWI.